Rufus Mandred ABRAN, Appellant,

v.

The STATE of TEXAS, Appellee.

No. 01–87–00731–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 11, 1988.

Donald W. Bankston, Houston, for appellant.

Sam W. Dick, Dist. Atty., Ralph Gonzales, Asst., Richmond, for appellee.

Before COHEN, STEPHANOW and SMITH, JJ.

OPINION

SMITH, Justice.

A jury found appellant guilty of unauthorized use of a motor vehicle, found the enhancement allegations to be true, and assessed his punishment at 29 years confinement.

In his sole point of error, appellant contends that the evidence is insufficient to sustain his conviction because there is no evidence that the car that appellant was driving belonged to the complainant, Walter Hogue.

■ The standard of review when reviewing the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986). The standard is the same for direct and circumstantial evidence. *Carlsen v. State,* 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (op. on reh'g). A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Johnson v. State,* 673 S.W.2d 190, 195 (Tex.Crim.App.1984).

■ A person commits the offense of unauthorized use of a motor vehicle if he "intentionally or knowingly operates another's ... motor-propelled vehicle without the effective consent of the owner." Tex. Penal Code Ann. sec. 31.07 (Vernon 1974). The indictment alleged that appellant "did then and there intentionally and knowingly operate a motor-propelled vehicle, to-wit: one Pontiac automobile, without the effective consent of the owner, Walter Hogue."

■ Walter Hogue testified that his 1981 Pontiac Grand Prix was stolen on or about November 25, 1986. Neither he nor his niece, who had actual possession of the car, had given appellant permission to drive his car. Officer Doman testified that he saw appellant at 1:30 a.m. on November 25, 1986 driving an automobile that had no lights on. Officer Doman radioed the sta-

tion for a license plate check, and then arrested appellant.[1]

When Doman approached the vehicle, he noticed that the steering column was broken into pieces, and there were no keys in the ignition. After his arrest, appellant admitted that he did not own the car, but claimed that he had found it in Houston, with the motor running, and started to joy ride. The officer identified the vehicle as a 1981 blue Pontiac.

There is no evidence of the color of Mr. Hogue's car; no evidence of the vehicle identification numbers or license plate numbers from the cars; no evidence that Mr. Hogue recovered the vehicle from the Missouri City Police Department; and no evidence of the description, i.e., model, number of doors, body style, etc. of the cars. The offense report, which identified the owner of the vehicle as Walter Hogue, was never admitted into evidence, although it was marked by the court reporter as State's exhibit 4. The only evidence showing that the automobile that appellant was driving was the same automobile that the complainant had stolen is the fact that both cars were 1981 Pontiacs.

Nothing in the record indicates that the 1981 Pontiac that appellant was driving was the same 1981 Pontiac that was stolen from Walter Hogue. The evidence is insufficient to prove an element of the offense as alleged in the indictment, namely, that Walter Hogue was the owner.

Appellant's sole point of error is sustained.

The judgment is reversed, and an acquittal for the charge of unauthorized use of a motor vehicle is ordered. *See Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

---

**1.** The trial court sustained hearsay objections about what the officer was told by the dispatcher; but the State contends that it can reasonably be inferred that the dispatcher identified the vehicle as a stolen car.