**Patrick Kendale WINN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. A14–91–00346–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 2, 1992.

Kristine C. Woldy, Houston, for appellant.

Julie Klibert, Houston, for appellee.

Before J. CURTISS BROWN, SEARS and ELLIS, JJ.

OPINION

SEARS, Justice.

This is an appeal from a conviction of unauthorized use of a motor vehicle. Appellant, Patrick Kendale Winn, was indicted for the offenses of auto theft and unauthorized use of a motor vehicle, enhanced by two prior convictions of theft by receiving and burglary of a building. He pled not guilty and trial was to a jury. The State opted to submit only the unauthorized use

of a motor vehicle charge to the jury and they found appellant guilty. Appellant pled not true to both enhancement paragraphs. The jury found the enhancement paragraphs true and assessed punishment at 25 years in the Institutional Division of the Texas Department of Criminal Justice. In three points of error appellant complains that the evidence is insufficient to prove that the vehicle used by appellant was owned by the complainant as alleged in the indictment, that he was entitled to an instructed verdict, and that he was entitled to a jury charge which listed the not guilty option first. We reverse and remand.

In the early morning hours of October 26, 1990, Houston Police Officer D.P. Jackson (Jackson) observed a blue and brown Astro van. The van was backing out of an apartment complex parking lot with its tires spinning. Jackson was in a marked police vehicle. He followed the van and after it hit a curb, he turned on his emergency equipment. The van sped away and Jackson radioed for back-up. Eventually, the van attempted to turn into a parking lot and appellant lost control of the vehicle. The van came to a stop after crashing into the side of a building and knocking down a fence. Jackson jumped from his vehicle with his flashlight and saw appellant jump from the van. Jackson chased appellant on foot around the front of the building where Officer Boyd, a responding back-up officer, pulled in front of appellant, cutting him off. Jackson tackled appellant, handcuffed him, and placed him under arrest.

In his first two points of error, appellant complains that the State failed to prove that the vehicle used by him was the same vehicle as that owned by the complainant, Ida Laura (Laura). In point of error one, appellant alleges the evidence was insufficient to support his conviction. In point of error two, appellant claims that the trial court erred in denying his motion for an instructed verdict based on the State's failure to link the ownership of the van to the complainant.

Unauthorized Use of a Vehicle is an offense under Tex.Penal Code Ann. § 31.-07(a) (Vernon 1989) which states "[a] per-son commits an offense if he intentionally or knowingly operates another's ... motor-propelled vehicle without the effective consent of the owner." *Id.* The jury received an indictment paragraph on this charge which alleged that appellant "did then and there intentionally and knowingly operate a motor-propelled vehicle, namely, A VAN, owned by IDA LARA (sic), hereafter styled the Complainant, without the effective consent of the Complainant...." The State must prove, beyond a reasonable doubt, every element of the crime with which appellant is charged. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). An essential element of this offense is that appellant operated a van owned by Laura. *See Abran v. State,* 788 S.W.2d 375 (Tex. App.—Houston [1st Dist.] 1988, no pet.).

In reviewing the sufficiency of the evidence, this Court must view "all the evidence in the light most favorable to the verdict" and determine whether a rational trier of fact could have found the evidence sufficient to establish beyond a reasonable doubt that appellant operated a van owned by Laura. *Villalon v. State,* 791 S.W.2d 130, 132 (Tex.Crim.App.1990) (quoting *Blankenship v. State,* 780 S.W.2d 198, 206–07 (Tex.Crim.App.1988)). This standard is the same whether we are reviewing the sufficiency of circumstantial or direct evidence. *See Geesa v. State,* 820 S.W.2d 154 (Tex.Crim.App.1991). In this case, the arresting officer and the back-up officer both testified that the van was a *blue and brown* Astro Chevy van. The arresting officer also testified that when he first saw the van it was backing out of a parking lot approximately one and one half blocks away from the complainant's apartment complex. The complainant, Laura, testified that she owned a 1986 Chevy Astro van of a *blue and grayish* color. She stated that she parked the van at her home on the night of October 25, 1990, went inside and never saw it again. Laura further testified that two unidentified officers came to her door at 1:30 a.m. on October 26, 1990 and informed her that her van had been stolen. This is the only evidence presented concerning the van driven by appellant and the van owned by Laura.

The State failed to present any evidence of the license plate numbers from the vans in question, or the vehicle identification numbers on the vans. Laura never saw or identified the van driven by appellant and held by the Houston Police Department. Also, there is conflicting evidence as to the color of the vans. The arresting officer was not even the officer who went to Laura's home that night. Whoever that officer was, he did not testify at trial. At best the State only proved that both vans were two-toned Astro Chevy vans with blue as one of the colors.

There is simply nothing in the record to prove that the van appellant was operating was indeed the same van as that owned by Laura. Although the fact that Laura was contacted by the police and appeared at trial creates an inference that she owned the van driven by appellant, it falls well short of the evidence necessary to establish appellant's guilt beyond a reasonable doubt. The location of the vans was one and one half blocks apart, they were of different colors, and there was no testimony by the Laura, or by the State which established ownership. A rational trier of fact could not have found the evidence sufficient to prove beyond a reasonable doubt that Laura owned the van used by appellant. Appellant, therefore, was entitled to an instructed verdict as he alleged in point of error two. We sustain appellant's first two points of error.

Because of our decision on appellant's points of error one and two, there is no need for this Court to consider his third point of error. We reverse appellant's conviction and remand to the trial court with an order to enter an acquittal on the charge of unauthorized use of a motor vehicle.

J. CURTISS BROWN, C.J., notes his dissent.