TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-93-00364-CR







David Joseph Schaetzle, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0931305, HONORABLE JON N. WISSER, JUDGE PRESIDING







 David Joseph Schaetzle appeals from a conviction of the offense of unauthorized
use of a motor vehicle. Act of 1973, 63d Leg., R.S., ch. 399, § 31.07, 1973 Tex. Gen. Laws
883, 932 (Tex. Penal Code Ann. § 31.07, since amended) (hereinafter "former section 31.07"). (1) 
After Schaetzle pled true to enhancement allegations in the indictment, he was sentenced to fifteen
years' imprisonment. We will reverse the conviction and render a judgment of acquittal.



DISCUSSION


 Schaetzle brings a single point of error complaining there was legally insufficient
evidence to show that appellant was operating the vehicle owned by Evelyn Scarborough as
alleged in the indictment. The standard of review for a legal sufficiency of the evidence challenge
is whether after viewing all of the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Furthermore, the standard on appeal is the same for both direct and circumstantial
evidence cases. Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Skelton v. State, 795
S.W.2d 162, 167 (Tex. Crim. App. 1989), cert. denied, 498 U.S. 878 (1990). 

 The indictment, following former section 31.07, stated that Schaetzle "did then and
there intentionally and knowingly operate a motor-propelled vehicle owned by Evelyn
Scarborough." Therefore, the State was obligated to prove that Schaetzle operated an automobile
owned by Scarborough. Winn v. State, 828 S.W.2d 284 (Tex. App.--Houston [14th Dist.] 1992,
no pet.); Abran v. State, 788 S.W.2d 375, 376 (Tex. App.--Houston [1st Dist.] 1988, no pet.).

 The relevant evidence was as follows: Police officers Michael Phillips and James
Jardine apprehended Schaetzle after a one-car accident in the middle of the intersection of
Interstate 35 and Anderson Lane in Austin. (2) Schaetzle and two others ran from the scene. Both
officers described the vehicle as a 1986 blue two-door Oldsmobile Cutlass. Since the vehicle had
fictitious license plates, the police officers ran a check using the vehicle-identification number to
verify that the car was stolen. Both officers also testified that the back seat of the vehicle had
been ripped out and that the steering column had been broken. 

 Schaetzle testified he had never driven the vehicle; he did not know the vehicle was
stolen; and he ran from the police because he had been drinking in violation of his parole and
because he saw the driver run and did not want to get blamed for something the driver had done. 


 Evelyn Scarborough testified she had previously owned a 1986 Oldsmobile Cutlass,
with license plate number 28NUK, but that it had since been "sold." (3) Scarborough's car was
stolen on February 19, 1993. After a car fitting the description of Scarborough's car was
recovered, she accompanied a police officer to a lot to identify the car. Scarborough testified that
she never actually looked at the car, "but took the officer's word."

 The evidence shows that the two-door vehicle driven in connection with Schaetzle's
arrest was blue. The color of Scarborough's vehicle is absent from the record, as is the number
of doors on Scarborough's vehicle. Additionally, the license plate numbers and the vehicle
identification numbers of the respective vehicles were never matched up. Most importantly,
Scarborough never saw the car alleged to be hers, and therefore, was unable to testify as to the
car's identity. Although the fact that Scarborough was contacted by the police and went to the
lot in order to identify her car creates an inference that she owned the car driven by Schaetzle,
it is inadequate to establish guilt beyond a reasonable doubt. Winn, 828 S.W.2d at 286.

 Absent evidence of such things as color, description, license plate numbers,
vehicle-identification numbers, and testimony of ownership, we conclude a rational trier of fact
could not have found the essential element of Scarborough's ownership beyond a reasonable
doubt. Id.; Hooper v. State, 788 S.W.2d 24, 25-26 (Tex. App.--Houston [1st Dist.] 1987, no
pet.); cf. Lyles v. State, 582 S.W.2d 138 (Tex. Crim. App. 1979) (testimony of complainant
regarding cut wires underneath dash of car held sufficient to prove that car stolen from
complainant was same car appellant was found driving). 



CONCLUSION


 We hold the evidence is insufficient to show that the 1986 Oldsmobile Cutlass
driven by Schaetzle was the same 1986 Oldsmobile Cutlass that was stolen from Scarborough. 
Therefore, the State has failed to prove an element alleged in the indictment, namely, that Evelyn
Scarborough was the owner of the vehicle. Schaetzle's sole point of error is sustained. We
reverse the trial-court judgment and order an acquittal for the charge of unauthorized use of a
motor vehicle. See Abran, 788 S.W.2d at 376 (citing Greene v. Massey, 437 U.S. 19 (1978)). 



 John Powers, Justice

Before Chief Justice Carroll, Justices Powers and Aboussie

Reversed and Reformed


Filed: March 8, 1995


Do Not Publish

1.   The new § 31.07 changed only subsection (b), substituting "a state jail felony" for "a
felony of the third degree." Subsection (a) remains the same in both versions: "A person
commits an offense if he intentionally or knowingly operates another's boat, airplane, or
motor-propelled vehicle without the effective consent of the owner." Tex. Penal Code Ann.
§ 31.07 (West 1994).
2.   The event occurred February 19, 1993. Officers Phillips and Jardine testified Schaetzle
was driving the vehicle. Schaetzle testified he was a passenger in the driver's side back seat
at the time. 
3.   It is uncertain what Scarborough meant by "sold." She stated in answer to the next
question that she had never "received [the vehicle] back." It is possible the word "sold"
constitutes an error by the court reporter and that Scarborough actually said "stolen."