NO. 07-03-0209-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



AUGUST 19, 2003


 _______________________________



MARVIN ALBRO, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 217TH DISTRICT COURT OF ANGELINA COUNTY;



NO. 23,221; HONORABLE DAVID WALKER, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

 MEMORANDUM OPINION


 Following appellant Marvin Albro's conviction by a jury of unauthorized use of a
motor vehicle, the trial court assessed punishment at confinement for 18 months. By one
point of error, appellant complains the evidence is legally insufficient to support his
conviction because the State failed to prove beyond a reasonable doubt "that the truck
identified in court was the same truck operated by [him]." Based upon the rationale
expressed herein, we affirm.

 The evidence at trial, viewed in the light most favorable to the verdict, established
the following sequence of events. Around midnight on August 19, 2002, as she was driving
home from a local bar, Shannon Hamilton, an acquaintance of appellant's, observed him
driving a white, flatbed truck with the emblem for Moore Brothers Construction painted on
its side. A short while later, Hamilton noticed the truck was stuck in a mud pit in front of
her house, and appellant was "giving it [the truck] the gas, trying to get it out." Unable to
extricate the vehicle on his own, appellant asked Hamilton whether he could "put [his] stuff
in the back of [her] house," while he went for help. Hamilton agreed, and appellant placed
a VCR and some other items there. Having never known appellant to hold a job before,
Hamilton was suspicious of him driving a company truck and possessing electronic
equipment. As a result, Hamilton contacted the police, who arrived a short time after
appellant left her house. Police subsequently detained appellant when he returned to
Hamilton's house, presumably to retrieve the items he left in back. Hamilton told officers
appellant was the individual she saw driving the Moore Brothers flatbed truck earlier in the
evening. 

 Officers contacted Thomas Moore, president of Moore Brothers Construction
Company, and requested he respond to the scene to identify the truck. After viewing the
truck while it was still entrenched in the mud, Moore identified it as his company's truck. 
Moore also explained to police he had never seen appellant before, and appellant did not
have permission to drive the truck. At trial, the State showed Moore several photographs,
taken after the truck had been disengaged from the mud, and asked "is that the truck that
was there stuck in the mud on Culverson [street] that morning?" Moore responded, "Yes,
it was." 

 By his sole issue, appellant claims, "[t]here was no testimony during the trial by any
witnesses as to the license plate number or vehicle identification number of the vehicle
stolen or the license plate number or vehicle identification number of the vehicle recovered"
from the crime scene. Therefore, according to appellant, the State has failed to prove an
essential element of the offense, namely, "that the truck operated by [a]ppellant was the
same truck stolen from Thomas Moore." (1) We disagree.

 In reviewing legal sufficiency, we view the evidence in the light most favorable to the
verdict, and ask whether any rational trier of fact could have found beyond a reasonable
doubt all of the elements of the offense. See Jackson v. Virginia, 443 U.S. 307, 324, 99
S.Ct. 2781, 2791-792, 61 L.Ed.2d 560, 576-77 (1979); see also Johnson v. State, 23
S.W.3d 1, 7 (Tex.Cr.App. 2000). A person commits the offense of unauthorized use of a
motor vehicle when he intentionally or knowingly operates another's boat, airplane, or
motor-propelled vehicle without the effective consent of the owner. Tex. Pen. Code Ann.
§ 31.07 (Vernon 2003); Smith v. State, No. 06-02-00145-CR, 2003 Tex.App. LEXIS 4353,
at * 5 (Tex.App.-Texarkana May 22, 2003, no pet.). In this case, the indictment alleged,
in pertinent part, that on or about August 19, 2002, appellant "did then and there
intentionally or knowingly operate a motor-propelled vehicle, to-wit: a truck, without the
effective consent of the owner, Thomas Moore." An essential element of the offense, then,
is that appellant operated a truck owned by Moore. Winn v. State, 828 S.W.2d 284, 285
(Tex.App.-Houston [14th Dist.] 1992, no pet.) (citing Abran v. State, 788 S.W.2d 375
(Tex.App.-Houston [1st Dist.] 1988, no pet.)).

 There was, in fact, no testimony about the truck's license plate or vehicle
identification numbers; however, significant additional evidence was admitted at trial
connecting appellant to the vehicle recovered at the crime scene. Hamilton testified she
observed appellant driving a white, flatbed truck on the night of the offense and later saw
him attempting to extricate the same truck from a mud pit in front of her house. When
asked to view three photographs of a white, flatbed truck with a Moore Brothers emblem
painted on the door, Hamilton described the vehicle depicted there as "[e]xactly the truck"
she had seen on the night of the offense. Moore testified that he identified the truck at the
crime scene while it was still entrenched in the mud pit. When asked by the State to view
the same photos displayed to Hamilton during her testimony, Moore confirmed the vehicle
depicted there was the same vehicle he had seen embedded in the mud on the day of the
offense. Finally, Moore explained his company owned the truck. In short, the record is
simply replete with evidence that the truck operated by appellant was, indeed, the same
truck as that owned by Moore. (2) We, therefore, conclude a rational trier of fact could have
found the evidence sufficient to prove beyond a reasonable doubt each of the elements
of the offense of unauthorized use of a motor vehicle. Appellant's point of error is
overruled.

 Accordingly, the judgment of the trial court is affirmed. 


 Don H. Reavis

 Justice



Do not publish.





 




 
1. We note that appellant was charged with unauthorized use of motor vehicle, not
theft. Therefore, the State was not required to prove appellant appropriated, or stole, the
vehicle with intent to deprive the owner of the property. See Tex. Pen. Code Ann. § 31.03
(Vernon 2003).
2. It is of no moment that other witnesses described the vehicle merely as a large,
flatbed, "Ford truck," while Moore described it as "an 'attenuator' with a large crash pad on
the back." Contradictions or conflicts between the witnesses' testimony do not destroy the
sufficiency of the evidence; rather, they relate to the weight of the evidence, and the
credibility the jury assigns to the witnesses. Jimenz v. State, 67 S.W.2d 493, 505
(Tex.App.-Corpus Christi 2002, pet. ref'd). 



pellant contends that, for the State to have legally sufficient evidence to sustain
its conviction, it must show that the murder victim and the robbery victim were the same
person. To this end, appellant cites the court to its opinion in Hall v. State, 970 S.W.2d
137, 140-41 (Tex.App.-Amarillo 1998, pet. ref'd), wherein appellant alleges that we held
that, for a capital murder conviction to stand, the evidence must prove that the accused
killed the victim in furtherance of an intent to take the victim's money. From this
construction of Hall, appellant urges that, since Villarreal was the victim of the murder and
Delarosa was the victim of the robbery, the evidence is legally insufficient. 

 Appellant is wrong for three reasons. First, Hall does not hold that the victim of the
robbery and murder need be the same to support a capital murder conviction. Rather, the
question at issue in Hall related solely to when the requisite intent to take the murder
victim's property was formed. Id. Appellant's construction takes a single statement out of
context to present a meaning never intended. Id. Second, appellant's construction of the
capital murder statute would add an element not required by the statute, that the victim of
the robbery and murder be identical. See Tex. Pen. Code Ann. § 19.03(a)(2) (Vernon
Supp. 2005). Finally, appellant's construction of the law ignores existing precedent from
the Texas Court of Criminal Appeals. In Garcia, the accused shot and killed one person
while robbing a second person and the Court of Criminal Appeals stated while evaluating
the evidence, "There is no clearer example of a murder committed in the course of
robbery." Garcia v. State, 887 S.W.2d 862, 869 (Tex.Crim.App. 1994), overruled on other
grounds by Hammock v. State, 46 S.W.3d 889 (Tex.Crim.App. 2001). In Rougeau, the
issue was the requisite notice necessary when the victim of the aggravating conduct is
different than the murder victim. Rougeau v. State, 738 S.W.2d 651, 656 (Tex.Crim.App.
1987), overruled on other grounds by Harris v. State, 784 S.W.2d 5, 19 (Tex.Crim.App.
1989). The clear message of Garcia and Rougeau is that the victims of the murder and the
aggravating conduct are not required to be the same person. 

 Within the same argument, appellant then complains that the intent to commit
robbery was formulated after the assault on Villarreal was completed. Therefore,
according to appellant's theory, there was legally insufficient proof to sustain a verdict of
guilt as to capital murder. To support this position, appellant cites the court to an
unpublished opinion of this court which states that "The point at which the accused
developed the requisite intent for robbery is critical, for it must show that he intended to
take the victim's property before, or as, he murdered." Esquivel v. State, No. 07-01-0106-CR, 2002 WL 959912, at *3 (Tex.App.-Amarillo May 9, 2002) (not designated for
publication). However, appellant misconstrues the holding in Esquivel. The court
proceeded, after the quoted portion, to point out that the evidence is sufficient when the
State proves the robbery of the victim occurred immediately after the murder of the victim. 
Id. Further, in determining appellant's intent at the time, the fact finder is free to look to the
conduct of the accused and make reasonable inferences therefrom. Id. When taken 
together, it is apparent that this court was of the same opinion expressed by the Court of
Criminal Appeals in Cooper v. State, 67 S.W.3d 221, 224 (Tex.Crim.App. 2002). In
Cooper, the court stated, "The general rule is still that a theft occurring immediately after
an assault will support an inference that the assault was intended to facilitate the theft." 
Id. Further, the Court of Criminal Appeals went on to state that the inference of motive that
arises when a theft immediately follows an assault is not negated by evidence of an
alternative motive that the jury could rationally disregard. Id.

 In the present case, the State's theory was that appellant was broke and knew that
Delarosa had an amount of money on his person. According to the State's theory,
appellant intended to rob Delarosa before any altercation began. To accomplish the
robbery, appellant needed to get rid of Villarreal. The record reflects the testimony that
appellant attacked Villarreal first, and after Villarreal fled to the restaurant, began attacking
Delarosa. When witnesses arrived at the scene of the assault, appellant was seen taking
money from Delarosa. This evidence is sufficient for a rational jury to conclude that
appellant intended to rob Delarosa prior to his assault on Villarreal and that the assault on
Villarreal was in furtherance of the robbery.

 The jury heard all of the evidence and concluded that the theory proffered by the
State was correct. It is the jury's province to reconcile inconsistent evidence based on their
collective determination about the believability of the witnesses. Jackson, 443 U.S. at 319. 
We cannot say that the jury's verdict was irrational. Id. Accordingly, we overrule
appellant's contention that the evidence was legally insufficient.

Factual Sufficiency

 Having determined that the evidence was legally sufficient, we now address the
factual sufficiency of the evidence. When an appellant challenges the factual sufficiency
of the evidence supporting his conviction, the reviewing court must determine whether,
considering all the evidence in a neutral light, the jury was rationally justified in finding the
appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415
(Tex.Crim.App. 2006). In performing a factual sufficiency review, we are to give deference
to the fact finder's determinations and may not order a new trial simply because we may
disagree with the verdict. See id. at 417. As an appellate court, we are not justified in
ordering a new trial unless there is some objective basis in the record demonstrating that
the great weight and preponderance of the evidence contradicts the jury's verdict. See id. 
Additionally, an appellate opinion addressing factual sufficiency must include a discussion
of the most important evidence that appellant claims undermines the jury's verdict. Sims
v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

 Our review of the record convinces us that the jury was rationally justified in finding
the appellant guilty of the offense of capital murder. Watson, 204 S.W.3d at 415. Further,
we cannot point to an objective basis in the record that demonstrates that the great weight
and preponderance of the evidence contradicts the jury's verdict. Id. at 417. At best, the
record simply gives the jury two conflicting versions of what happened on the night in
question. 

 Appellant highlights Delarosa's testimony about how and why the fight began and
contends that this evidence undermines the verdict by establishing that appellant was the
one that was attacked. However, in reviewing the evidence the following is noted: 1) the
testimony of the police department crime scene analyst does not substantiate appellant's
claim that the attack on Delarosa did not begin in the car; 2) the events described by the
witnesses both inside and outside the restaurant is supportive of Delarosa's testimony
about a continuing assault by appellant, first on Villarreal and then on Delarosa; 3) the
allegation by appellant that Villarreal was in a cocaine-driven anxiety is based solely upon
the testimony of one witness who stated that Villarreal appeared to be sweating, but the
jury also heard testimony that Villarreal had just come from the kitchen where he had been
working and that it was hot in the kitchen. A total review of all of the evidence, without the
prism of viewing the evidence in the light most favorable to the verdict, reveals that the jury
heard conflicting stories about the night in question and, by its verdict, the jury resolved the
conflict against appellant. We cannot say that the jury's decision was not rational and,
therefore, can point to no objective reason for overturning the verdict. Watson, 204
S.W.3d at 415-17. Accordingly, we overrule appellant's contention that the evidence was
factually insufficient.

Conclusion


 Having overruled appellant's issues, the judgment of the trial court is affirmed.

 Mackey K. Hancock

 Justice

Do not publish.