NO. 07-03-0209-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 19, 2003

_____

MARVIN ALBRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 217TH DISTRICT COURT OF ANGELINA COUNTY;

NO. 23,221; HONORABLE DAVID WALKER, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following appellant Marvin Albro's conviction by a jury of unauthorized use of a motor vehicle, the trial court assessed punishment at confinement for 18 months. By one point of error, appellant complains the evidence is legally insufficient to support his conviction because the State failed to prove beyond a reasonable doubt "that the truck

identified in court was the same truck operated by [him]." Based upon the rationale expressed herein, we affirm.

The evidence at trial, viewed in the light most favorable to the verdict, established the following sequence of events. Around midnight on August 19, 2002, as she was driving home from a local bar, Shannon Hamilton, an acquaintance of appellant's, observed him driving a white, flatbed truck with the emblem for Moore Brothers Construction painted on its side. A short while later, Hamilton noticed the truck was stuck in a mud pit in front of her house, and appellant was "giving it [the truck] the gas, trying to get it out." Unable to extricate the vehicle on his own, appellant asked Hamilton whether he could "put [his] stuff in the back of [her] house," while he went for help. Hamilton agreed, and appellant placed a VCR and some other items there. Having never known appellant to hold a job before, Hamilton was suspicious of him driving a company truck and possessing electronic equipment. As a result, Hamilton contacted the police, who arrived a short time after appellant left her house. Police subsequently detained appellant when he returned to Hamilton's house, presumably to retrieve the items he left in back. Hamilton told officers appellant was the individual she saw driving the Moore Brothers flatbed truck earlier in the evening.

Officers contacted Thomas Moore, president of Moore Brothers Construction Company, and requested he respond to the scene to identify the truck. After viewing the truck while it was still entrenched in the mud, Moore identified it as his company's truck.

2

Moore also explained to police he had never seen appellant before, and appellant did not have permission to drive the truck. At trial, the State showed Moore several photographs, taken after the truck had been disengaged from the mud, and asked "is that the truck that was there stuck in the mud on Culverson [street] that morning?" Moore responded, "Yes, it was."

By his sole issue, appellant claims, "[t]here was no testimony during the trial by any witnesses as to the license plate number or vehicle identification number of the vehicle stolen or the license plate number or vehicle identification number of the vehicle recovered" from the crime scene. Therefore, according to appellant, the State has failed to prove an essential element of the offense, namely, "that the truck operated by [a]ppellant was the same truck stolen from Thomas Moore."[1] We disagree.

In reviewing legal sufficiency, we view the evidence in the light most favorable to the verdict, and ask whether any rational trier of fact could have found beyond a reasonable doubt all of the elements of the offense. *See* Jackson v. Virginia, 443 U.S. 307, 324, 99 S.Ct. 2781, 2791-792, 61 L.Ed.2d 560, 576-77 (1979); *see also* Johnson v. State, 23 S.W.3d 1, 7 (Tex.Cr.App. 2000). A person commits the offense of unauthorized use of a motor vehicle when he intentionally or knowingly operates another's boat, airplane, or

---

[1]We note that appellant was charged with unauthorized use of motor vehicle, not theft. Therefore, the State was not required to prove appellant appropriated, or stole, the vehicle with intent to deprive the owner of the property. *See* Tex. Pen. Code Ann. § 31.03 (Vernon 2003).

motor-propelled vehicle without the effective consent of the owner. Tex. Pen. Code Ann. § 31.07 (Vernon 2003); Smith v. State, No. 06-02-00145-CR, 2003 Tex.App. LEXIS 4353, at * 5 (Tex.App.–Texarkana May 22, 2003, no pet.). In this case, the indictment alleged, in pertinent part, that on or about August 19, 2002, appellant "did then and there intentionally or knowingly operate a motor-propelled vehicle, to-wit: a truck, without the effective consent of the owner, Thomas Moore." An essential element of the offense, then, is that appellant operated a truck owned by Moore. Winn v. State, 828 S.W.2d 284, 285 (Tex.App.–Houston [14th Dist.] 1992, no pet.) (citing Abran v. State, 788 S.W.2d 375 (Tex.App.–Houston [1st Dist.] 1988, no pet.)).

There was, in fact, no testimony about the truck's license plate or vehicle identification numbers; however, significant additional evidence was admitted at trial connecting appellant to the vehicle recovered at the crime scene. Hamilton testified she observed appellant driving a white, flatbed truck on the night of the offense and later saw him attempting to extricate the same truck from a mud pit in front of her house. When asked to view three photographs of a white, flatbed truck with a Moore Brothers emblem painted on the door, Hamilton described the vehicle depicted there as "[e]xactly the truck" she had seen on the night of the offense. Moore testified that he identified the truck at the crime scene while it was still entrenched in the mud pit. When asked by the State to view the same photos displayed to Hamilton during her testimony, Moore confirmed the vehicle depicted there was the same vehicle he had seen embedded in the mud on the day of the offense. Finally, Moore explained his company owned the truck. In short, the record is

4

simply replete with evidence that the truck operated by appellant was, indeed, the same truck as that owned by Moore.[2] We, therefore, conclude a rational trier of fact could have found the evidence sufficient to prove beyond a reasonable doubt each of the elements of the offense of unauthorized use of a motor vehicle. Appellant's point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

---

[2]It is of no moment that other witnesses described the vehicle merely as a large, flatbed, "Ford truck," while Moore described it as "an 'attenuator' with a large crash pad on the back." Contradictions or conflicts between the witnesses' testimony do not destroy the sufficiency of the evidence; rather, they relate to the weight of the evidence, and the credibility the jury assigns to the witnesses. Jimenz v. State, 67 S.W.2d 493, 505 (Tex.App.–Corpus Christi 2002, pet. ref'd).