**Douglas McDwain HOOPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00456–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 30, 1987.

Michael G. Martinez, Houston, for appellant.

Eleanor Montague McCarthy, Asst. Dist. Atty., for appellee.

Before DUGGAN, SMITH and COHEN, JJ.

OPINION

DUGGAN, Justice.

A jury found appellant guilty of unauthorized use of a motor vehicle, found that he had previously been convicted of felony offenses, and assessed his punishment at confinement for 25 years.

In two points of error, appellant contends that the evidence was insufficient to prove his guilt, and that he was denied the effective assistance of counsel.

The relevant portion of the indictment alleged that appellant:

> on or about NOVEMBER 20, 1985, did then and there unlawfully intentionally and knowingly operate a motor-propelled vehicle, namely, an automobile owned by DOMINGO VILLARREAL, hereafter

styled the Complainant, without the effective consent of the complainant.

A challenge to the sufficiency of the evidence requires this Court to consider all of the evidence, in the light most favorable to the jury's verdict, to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Flournoy v. State*, 668 S.W.2d 380 (Tex.Crim.App.1984).

Domingo Villarreal testified that at 10:30 or 11:30 a.m. on Sunday, November 17, 1985, his car was stolen while he was paying for gasoline. He testified that the car was a light blue 1981 Buick Regal, bearing license plate number GFB 648. When asked "Do you recall approximately when you recovered that vehicle?", Villarreal answered, "Three days later." Villarreal could not identify appellant as the person whom he saw steal his car. However, Villarreal did state that appellant generally fit the description of that person, and that he never gave appellant permission to use his vehicle.

On cross-examination, the following was elicited:

Q. Okay. And was it the Houston Police Department that later called you to tell you that they had recovered your car?

A. Yes, it was.

Q. Do you recall what day of the week that was?

A. That was, let's see. Tuesday, I think. Tuesday. Wednesday morning rather. Which is three days later.

Three police officers testified that they arrested appellant at about 1 a.m. on Thursday, November 21st, after he was observed driving a " '81, '82, light green Buick Regal" bearing license plate number 648 GFB, which the police dispatcher informed them had been stolen. Their testimony, later corroborated by the appellant, showed that appellant fled from the police, first in the vehicle and then on foot. Appellant was found about 15 minutes after he left the vehicle.

Appellant testified that he did not know who owned the vehicle he had been driving, but that a man named Larry James Lewis had given him permission to drive the vehicle that night. The clerk of the municipal court of the City of Houston testified that the court's records showed that on November 18, 1985, one Larry James Lewis, born July 23, 1955, and residing at 3101 Newhoff, had been issued tickets for "expired Texas driver's license," "speeding 65 miles per hour in a 55 mile zone" and "no proof of insurance" on a Buick with the same plate as the car driven by appellant. These tickets were paid at the City Marshall's office on December 27, 1985, a time when the appellant was jailed for the instant offense.

Appellant admitted that Villarreal never gave him permission to drive the car that he had been driving, and that he fled from the officers. He also admitted: 1) having been to the penitentiary on two different occasions; 2) having been previously convicted of three felonies; and 3) using several different aliases and birth dates in the past. Appellant maintained that he immediately told the police that he was driving the vehicle with the permission of Larry Lewis, and later told an officer that Larry Lewis had been issued tickets while appellant was in the car. On rebuttal, one of the police officer's testified that appellant did not mention Larry Lewis until several hours after his arrest. The officer also admitted that he made no notation of any statements regarding Larry Lewis in his offense report. Appellant put in evidence an unexpired Texas driver's license in the name of Douglas McDwain Hooper, showing a birth date of April 29, 1957.

Based on all of the evidence, we find that there was insufficient evidence that the complainant was the owner of the vehicle driven by appellant. The direct evidence established only that Villarreal's car was a Buick Regal and that the vehicle driven by appellant was also a Buick Regal. It was never shown that the cars were the same color or that they were the same year's model. The license plates were different. Most importantly, Villarreal testified that his car was returned to him by the police prior to the date appellant was arrested by the police in the car he was charged with

using without authorization. All of the circumstances regarding the car tended to show that the cars were different, not the same. Further, there is no evidence that the car that the police took from appellant was the same car that was returned to or owned by the complainant. The prosecution may well have overlooked easily accessible information which could have established the identity of the vehicle taken to be the same as that driven by appellant; however, based on the record presented, we find that no rational trier of fact could find beyond a reasonable doubt that the vehicle driven by appellant belonged to Domingo Villarreal, as alleged in the indictment.

*Lyles v. State*, 582 S.W.2d 138 (Tex.Crim. App.1979), cited by the State, was a case of unauthorized use of a motor vehicle in which there was little proof that the car driven by Lyles was the same car returned to, and owned by, the complainant. However, in *Lyles*, the surrounding circumstances tended to show that the vehicle recovered was the complainant's. The wires beneath the dashboard had been pulled out of the vehicle driven by Lyles prior to the offense, and the complainant testified that when he got his car back, he noticed that the wires underneath the dash had been pulled out. In the instant cause, there is no evidence affirmatively linking the vehicle driven by appellant to the vehicle recovered by the complainant.

Appellant's first point of error is sustained. It is, therefore, unnecessary to discuss appellant's second point of error.

The judgment of the trial court is reversed and a judgment of acquittal is hereby rendered. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); Tex.R.App.P. 80.