gibson 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00592-CR







Anthony L. Gibson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF DALLAS COUNTY, 204TH JUDICIAL DISTRICT


NO. F93-64514-Q, HONORABLE LENA LEVARIO, JUDGE PRESIDING







 After a jury trial, appellant Anthony L. Gibson was convicted of the offense of
unauthorized use of a motor-propelled vehicle. Penal Code, 63d Leg., R.S., ch. 399, sec. 1,
§ 31.07, 1973 Tex. Gen. Laws 892, 932, Tex. Penal Code Ann. § 31.07 (since amended). 
Appellant's punishment, enhanced by two prior felony convictions, was assessed by the trial court
at imprisonment for twenty-five years. In his sole point of error, appellant challenges the
sufficiency of the evidence. We will affirm the judgment.

 Soon after midnight on July 23, 1993, the complainant Tambie Bigham returned
to her apartment and found a broken window. Although she did not believe any of her property
had been taken, she reported the broken window to the Dallas Police Department. The next
morning Bigham went to the apartment complex office to report the broken window. When she
returned, she found her car was missing. She reported this to the police. During the police
investigation Bigham found that a spare set of car keys was missing from the place where they had
been hanging. Also missing were her work key, mail box key, and house key which, with the car
key, had been attached to a mace gun. 

 While on patrol three days later, Dallas police officers Paul Kovach and Stephen
Bishop observed a traffic violation and followed the violator's car into an apartment complex
parking lot. The driver, whom the officers identified as appellant, and a female passenger got out
of the car. Appellant's only identification was a card that allowed him to receive medical services
at Parkland Hospital. Appellant told the officers his name and birth date. Kovach, through the
use of his computer, learned that the car appellant was driving had been stolen. When Kovach
approached appellant to arrest him, appellant ran. Some other officers arrested appellant in a
nearby apartment complex parking lot as he was hiding under a car. Officers Kovach and Bishop
identified, took custody of, and handcuffed appellant. The officers learned the car belonged to
Tambie Bigham. Officer Bishop called Bigham and told her of the recovery of her car. The car
was taken to the police pound. Bigham received the officer's call that they had caught a young
man driving her car. The officers told her that the car's hood had been dented and they had
placed her car in the police pound. Bigham arranged to have her car taken from the pound to a
body shop to repair the hood, which had not been dented before the car was taken. At the body
shop Bigham was given her car keys and the other keys that had been taken from her. Bigham
testified she did not give appellant nor anyone else permission to take her car.

 In reviewing legal sufficiency of the evidence, the relevant question is whether,
after reviewing the evidence in the light most favorable to the State, any rational trier of fact could
have found the essential elements of the criminal offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Turner v. State, 805 S.W.2d 423, 427 (Tex. Crim. App.
1991); Blankenship v. State, 780 S.W.2d 198, 206-07 (Tex. Crim. App. 1988); Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In his point of error, appellant asserts that the
evidence is insufficient to establish that the vehicle he was driving belonged to the complainant
Bigham. In reviewing the specific issue presented by appellant, this Court must view the evidence
in the light most favorable to the jury's verdict and decide whether the jury as a rational trier of
fact could have found the evidence sufficient to establish beyond a reasonable doubt that the car
operated by appellant was Bigham's car.

 Bigham testified that her car was a 1992 Toyota Tercel. For some inexplicable
reason she was not asked her car's license plate number. Officer Kovach testified he believed that
the car recovered was a Toyota Celica that bore license plate number GRZ 72H. When asked if
the car could have been a Toyota Tercel, he replied that all small cars looked alike to him.

 Appellant cites and relies on Hooper v. State, 788 S.W.2d 24 (Tex. App.--Houston
[1st Dist.] 1987, no pet.). This was a similar case, appellant argues, in which the judgment was
reversed because of insufficient evidence. The State there, as in this case, relied on Lyles v. State,
582 S.W.2d 138 (Tex. Crim. App. 1979). The Hooper court noted the absence of circumstantial
evidence present in Lyles and stated that all of the circumstances in Hooper tended to show that
the car recovered from the defendant was a different car from the one taken from the complainant.

 The State here relies on both direct and circumstantial evidence that appellant was
driving the complainant's car. Circumstantial evidence may be used to establish the identity of
a vehicle. Lyles, 582 S.W.2d at 142-43; see Batiste v. State, 702 S.W.2d 282, 284 (Tex.
App.--San Antonio 1985, no pet.).

 Inadmissible hearsay evidence admitted without objection shall not be denied
probative value merely because it is hearsay. Tex. R. Crim. Evid. 802; Fernandez v. State, 805
S.W.2d 451, 454-56 (Tex. Crim. App. 1991). In Fernandez, even though the declarant testified
and repudiated her hearsay statements, the Court of Criminal Appeals held that the court of
appeals erred in failing to consider and credit the unobjected to hearsay evidence that supported
the jury's verdict. Id. at 455. Having failed to object, appellant must be prepared to accept the
trier of fact's consideration of the evidence as probative to be assessed and weighed along with,
and equal to, the other evidence admitted at trial. Id. at 455-56. Also, a witness other than an
owner may testify as to the ownership of personal property. Smith v. State, 638 S.W.2d 476, 478
(Tex. Crim. App. 1982).

 We conclude that hearsay evidence, unobjected to, combined with circumstantial
evidence is sufficient to support the jury's verdict and to prove that appellant was driving the car
taken from the complainant Bigham without her consent.

 Officer Kovach testified:



Q: What did y'all do with the stolen car?


A: We contacted the dispatcher and had her confirm that the vehicle was indeed
stolen, which they did. We then took the vehicle to the pound.


Q: Did you find out that car belonged to Tambie Bigham?


A: I believe that was her name.


Q: Did one of y'all call her?


A: Officer Bishop, I believe, contacted her.


Q: Let me ask you: Were the keys in that car?


A: Yes, they were.


Q: Were there other keys on the key ring?


A: Yes, there were.



 Appellant's trial counsel cross-examined the complainant Bigham as follows:



Q: What did they tell you?


A: They told me they caught the young man that was driving the car. They
asked me if I knew him. They said his name and I said, I don't know an
Anthony Gibson.


Q: They told you that the person that they caught was Anthony Gibson?


A: Well, they didn't say that last name. I'm just repeating -- I've been
subpoenaed for a month. I know his name by heart. I'm sorry. I mean for
a whole year.


 [Defense Counsel]  Pass the witness, Your Honor.



 Appellant called Officer Bishop as a witness. Under cross-examination he testified:



Q: Let me ask you: Can you identify that person driving the stolen car of
Tambie Bigham, Mr. Gibson driving the vehicle out there?


A: Mr. Gibson is the person in the brown shirt.



 Under cross-examination by appellant's trial counsel, Officer Kovach was asked
to read from the offense report. He read:



A: "On July 27th, 1993, we observed suspect driving complainant's vehicle in
the 8000 block of Rothington, Dallas County, Texas."



 When Bigham's car was taken, a spare set of car keys, her work key, mail box key,
and house key, which were all attached to a mace gun, were also taken. When appellant fled from
the police, he left the car key in the ignition. Other keys were attached to the car key. The car
was taken to the police pound. Bigham had the car taken from the pound to repair a large dent
in the hood. The hood was not dented when the car was taken, but the dent was present when
appellant was driving the car. At the body shop Bigham was given the car key and the other
stolen keys attached to it. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Affirmed

Filed: August 16, 1995

Do Not Publish


* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).