NO. 07-10-0319-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 FEBRUARY 4, 2011

 STANLEY EUGENE HOLLINGS, APPELLANT

 v.

 THE STATE OF TEXAS, APPELLEE

 FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

 NO. 20,292-B; HONORABLE JOHN B. BOARD, JUDGE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION

 Appellant, Stanley Eugene Hollings, was convicted following a jury trial of unauthorized use
of a motor vehicle[1] enhanced and sentenced to twenty years confinement. In a single issue,
Appellant asserts the State's evidence was legally insufficient in establishing that Appellant
operated the same vehicle as that reported stolen. We affirm.

 Background

 On January 7, 2009, a Randall County Grand Jury returned an indictment alleging that, on or
about November 5, 2008, Appellant intentionally and knowingly operated a motor-propelled vehicle, to-
wit: a Toyota motor vehicle, without the effective consent of its owner, Jeri Cole. The indictment
also contained an enhancement paragraph alleging two prior felony convictions for burglary of a
vehicle and delivery of a simulated controlled substance.

 In May 2010, a three day jury trial was held. The State's evidence established that Cole
would sometimes loan Appellant her car, a silver Toyota RAV4, in return for drugs. When she came to
believe Appellant was taking advantage of her, she denied him any further use of her car. After
spending the night at Cole's house, Appellant left the next morning with Cole's car and her cell
phone. Although Cole was later able to track Appellant down while he was driving her car, she was
unable to convince him to return it to her. Appellant subsequently left Amarillo to purchase drugs
in Ohio, and Cole called the police.

 Officer Cory Jones, a Corporal with the Amarillo Police Department, was dispatched to Cole's
house to take a complaint. After speaking with Cole, Officer Jones entered information describing
her car into a national database[2] whereby, if an officer anywhere in the country came across
Cole's car and ran the license number, the database would show the car was stolen. He also listed
Appellant in the database as a suspect.

 On November 11, 2008, Officer Jennifer Roar of the City of Circleville, Ohio Police Department
was patrolling an area surrounding a house known as a source for narcotics and pills. On the front
porch of the house, Officer Roar observed Dora Castillo and Rodney Evans, known narcotics abusers.
She also spotted a car parked in front of the house with Texas license plates. She circled the
block and, when she returned, Castillo was pulling the car out of the parking space. Castillo was
accompanied by Evans and two passengers. The car was a silver Toyota RAV4. Officer Roar ran the
license plate through the law enforcement automated data system and their communications center.
She was advised that the Toyota RAV4 had been reported stolen and Appellant was a suspect in the
car's theft. She executed a felony stop and arrested Appellant.

 Cole testified that, when she discovered her car was missing and her cell phone gone, a friend
who knew Appellant's whereabouts came and picked her up in order to help her retrieve her car. They
subsequently observed Appellant driving the car with a female passenger. Both cars stopped and an
argument ensued. When Cole's friend led her back to his car, Appellant drove away. When Appellant
did not return her car as she had requested, she complained to APD. Subsequently, Cole was informed
by her insurance company that her car had been located in Circleville, Ohio. The insurance company
elected to repair damage to the car in Ohio and later shipped the car to her in Texas.

 Appellant testified that, after the confrontation with Cole, he and Castillo left Amarillo,
Texas, and drove to Circleville, Ohio, to purchase drugs where Castillo had connections. He
testified Castillo assisted him with driving. When he was arrested in Ohio, Appellant told the
officers that his girlfriend had lent the car to him. His plan was "[t]o bring the car and the
drugs back" to Texas. He further testified he had permission to use Cole's car at the time of his
arrest.

 At the trial's conclusion, the jury convicted Appellant of unauthorized use of a motor
vehicle, found the enhancements to be true, and sentenced him to twenty years confinement. This
appeal followed.

 Discussion

 Appellant asserts the State's evidence at trial was legally insufficient because the State
failed to prove that the car driven by Appellant in Ohio was Cole's car. Appellant contends that the
only evidence on this issue was Cole's testimony that she reported a "Toyota Rav 4" stolen and
Appellant was apprehended in Ohio as a passenger in a "silver RAV 4." Appellant asserts the outcome
in this appeal is governed by Hooper v. State, 788 S.W.2d 24 (Tex.App.--Houston [1st Dist.] 1987, no
pet.), wherein the court held that, where the only evidence at trial was that the victim's car was a
Buick Regal and the defendant was apprehended in a Buick Regal, the State's evidence was legally
insufficient to establish that the victim was the owner of the specific car being driven by the
defendant. Id. at 25-26.

 Standard of Review

 The Texas Court of Criminal Appeals has recently held that the only standard that a reviewing
court should apply in determining whether the evidence is sufficient to support each element of a
criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth
in Jackson v. Virginia, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See Brooks v. State,
323 S.W.3d 893, 912 (Tex.Crim.App. 2010)[3] Under that standard, in assessing the sufficiency of
the evidence to support a criminal conviction, this Court considers all the evidence in the light
most favorable to the verdict and determines whether, based on that evidence and reasonable
inferences to be drawn therefrom, a rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. See Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912.
We measure the legal sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997). In
our review, we must evaluate all of the evidence in the record, both direct and circumstantial,
whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999),
cert. denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

 Unauthorized Use of a Motor Vehicle

 A person commits the offense of unauthorized use of a motor vehicle when "he intentionally or
knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective
consent of the owner." Tex. Penal Code Ann. § 31.07(a) (West 2003). At trial, the State was
required to prove, beyond a reasonable doubt, every element of the crime with which Appellant was
charged; Winn v. State, 828 S.W.2d 284, 285 (Tex.App.--Houston [14th Dist.] 1992, no pet.) (citing
Butler v. State, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989)), and an essential element of the offense
of unauthorized use of a motor vehicle is that Appellant operated a car owned by Cole. Id. (citing
Abran v. State, 788 S.W.2d 375, 376 (Tex.App.--Houston [1st Dist.] 1988, no pet.)).

 Viewing the evidence in a light most favorable to the verdict, Officer Cory Jones's testimony
established that he took Cole's complaint and entered information describing her car, a silver 2001
Toyota RAV4 with Texas license plate number 710 DLN, as stolen in a national database that could be
referenced by any officer in the nation if the car was spotted. Appellant was also entered as a
suspect in the database.

 Appellant testified that, after a confrontation between himself and Cole, he left Amarillo,
Texas, in Cole's car and drove to Circleville, Ohio, to purchase drugs. Officer Roar testified that
she spotted Appellant in the company of narcotics abusers in front of a known drug house in a silver
Toyota RAV4 with Texas license plates. Officer Roar followed the car and observed the driver,
Appellant's passenger at the time of his confrontation with Cole in Amarillo--Castillo, driving
erratically. When Officer Roar ran the license plate number through the law enforcement automated
data system and her communications center, she was advised that the car was stolen and Appellant was
a suspect in the car's theft. When he was arrested, Appellant testified he told Ohio police that
his girlfriend had lent him the car and his plan was "[t]o bring the car and the drugs back" to
Texas. Subsequently, Cole was informed by her insurance company that her car had been located in
Circleville, Ohio. The car was repaired in Ohio by her insurance company and then shipped to her in
Texas.

 Thus, unlike Hooper where the only evidence was that the victim's car was a Buick Regal and
the defendant was apprehended in a Buick Regal; 788 S.W.2d 25-26, here, we have evidence that
Officer Jones entered the vehicle's color, make, model, and license plate number into a national
database used by police officers to identify stolen cars and the car was subsequently identified by
that information by Officer Roar at the time of Appellant's arrest in Ohio. In addition, Cole
testified that, at the time of her confrontation with Appellant in Amarillo, Appellant was driving
her car without her permission. Appellant subsequently testified that, following the confrontation,
he and Castillo drove the car to Ohio to purchase drugs because Castillo had connections there.
When he was arrested in Ohio, Appellant told police that Cole had lent him the car and his plan was
to bring it back to Texas. Lastly, Cole testified that her insurance company informed her that her
car was located in Circleville, Ohio. Based upon this evidence, we find that a rational trier of
fact could have found sufficient evidence to establish beyond a reasonable doubt that Appellant
operated a motor vehicle, owned by Cole, without her effective consent. Accordingly, Appellant's
single issue is overruled.

 Conclusion

 The trial court’s judgment is affirmed.

 Patrick A. Pirtle
 Justice

Do not publish.
-----------------------
[1]See Tex. Penal Code Ann. § 31.07(a) (West 2003).

[2]Officer Jones testified Cole reported a silver 2001 Toyota RAV4, Texas license plate number 710
DLN, as stolen.

[3]Judge Hervey delivered the opinion in Brooks, joined by Judges Keller, Keasler, and Cochran; and,
Judge Cochran delivered a concurring opinion, joined by Judge Womack. Although we are not bound by
a decision of four judges, Pearson v. State, 994 S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we read
the combined opinions of Judges Hervey and Cochran in Brooks as abandoning factual sufficiency as an
evidentiary sufficiency standard of review distinct from legal sufficiency.