NO. 07-10-0319-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 4, 2011

_____


STANLEY EUGENE HOLLINGS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____


FROM THE 181ST DISTRICT COURT OF RANDALL COUNTY;

NO. 20,292-B; HONORABLE JOHN B. BOARD, JUDGE

_____


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


**MEMORANDUM OPINION**


Appellant, Stanley Eugene Hollings, was convicted following a jury trial of unauthorized use of a motor vehicle[1] enhanced and sentenced to twenty years confinement. In a single issue, Appellant asserts the State's evidence was legally insufficient in establishing that Appellant operated the same vehicle as that reported stolen. We affirm.

---

[1]*See* Tex. Penal Code Ann. § 31.07(a) (West 2003).

**Background**

On January 7, 2009, a Randall County Grand Jury returned an indictment alleging that, on or about November 5, 2008, Appellant intentionally and knowingly operated a motor-propelled vehicle, to-wit: a Toyota motor vehicle, without the effective consent of its owner, Jeri Cole. The indictment also contained an enhancement paragraph alleging two prior felony convictions for burglary of a vehicle and delivery of a simulated controlled substance.

In May 2010, a three day jury trial was held. The State's evidence established that Cole would sometimes loan Appellant her car, a silver Toyota RAV4, in return for drugs. When she came to believe Appellant was taking advantage of her, she denied him any further use of her car. After spending the night at Cole's house, Appellant left the next morning with Cole's car and her cell phone. Although Cole was later able to track Appellant down while he was driving her car, she was unable to convince him to return it to her. Appellant subsequently left Amarillo to purchase drugs in Ohio, and Cole called the police.

Officer Cory Jones, a Corporal with the Amarillo Police Department, was dispatched to Cole's house to take a complaint. After speaking with Cole, Officer Jones entered information describing her car into a national database[2] whereby, if an officer anywhere in the country came across Cole's car and ran the license number, the

---

[2]Officer Jones testified Cole reported a silver 2001 Toyota RAV4, Texas license plate number 710 DLN, as stolen.

database would show the car was stolen. He also listed Appellant in the database as a suspect.

On November 11, 2008, Officer Jennifer Roar of the City of Circleville, Ohio Police Department was patrolling an area surrounding a house known as a source for narcotics and pills. On the front porch of the house, Officer Roar observed Dora Castillo and Rodney Evans, known narcotics abusers. She also spotted a car parked in front of the house with Texas license plates. She circled the block and, when she returned, Castillo was pulling the car out of the parking space. Castillo was accompanied by Evans and two passengers. The car was a silver Toyota RAV4. Officer Roar ran the license plate through the law enforcement automated data system and their communications center. She was advised that the Toyota RAV4 had been reported stolen and Appellant was a suspect in the car's theft. She executed a felony stop and arrested Appellant.

Cole testified that, when she discovered her car was missing and her cell phone gone, a friend who knew Appellant's whereabouts came and picked her up in order to help her retrieve her car. They subsequently observed Appellant driving the car with a female passenger. Both cars stopped and an argument ensued. When Cole's friend led her back to his car, Appellant drove away. When Appellant did not return her car as she had requested, she complained to APD. Subsequently, Cole was informed by her insurance company that her car had been located in Circleville, Ohio. The insurance company elected to repair damage to the car in Ohio and later shipped the car to her in Texas.

3

Appellant testified that, after the confrontation with Cole, he and Castillo left Amarillo, Texas, and drove to Circleville, Ohio, to purchase drugs where Castillo had connections. He testified Castillo assisted him with driving. When he was arrested in Ohio, Appellant told the officers that his girlfriend had lent the car to him. His plan was "[t]o bring the car and the drugs back" to Texas. He further testified he had permission to use Cole's car at the time of his arrest.

At the trial's conclusion, the jury convicted Appellant of unauthorized use of a motor vehicle, found the enhancements to be true, and sentenced him to twenty years confinement. This appeal followed.

**Discussion**

Appellant asserts the State's evidence at trial was legally insufficient because the State failed to prove that the car driven by Appellant in Ohio was Cole's car. Appellant contends that the *only* evidence on this issue was Cole's testimony that she reported a "Toyota Rav 4" stolen and Appellant was apprehended in Ohio as a passenger in a "silver RAV 4." Appellant asserts the outcome in this appeal is governed by *Hooper v. State*, 788 S.W.2d 24 (Tex.App.--Houston [1st Dist.] 1987, no pet.), wherein the court held that, where the *only* evidence at trial was that the victim's car was a Buick Regal and the defendant was apprehended in a Buick Regal, the State's evidence was legally insufficient to establish that the victim was the owner of the specific car being driven by the defendant. *Id.* at 25-26.

4

**Standard of Review**

The Texas Court of Criminal Appeals has recently held that the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979)*. See Brooks v. State,* 323 S.W.3d 893, 912 (Tex.Crim.App. 2010)[3]  Under that standard, in assessing the sufficiency of the evidence to support a criminal conviction, this Court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *See Jackson,* 443 U.S. at 319; *Brooks,* 323 S.W.3d at 912.  We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.  *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).  In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, whether admissible or inadmissible.  *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000).

---

[3]Judge Hervey delivered the opinion in *Brooks*, joined by Judges Keller, Keasler, and Cochran; and, Judge Cochran delivered a concurring opinion, joined by Judge Womack.  Although we are not bound by a decision of four judges, *Pearson v. State,* 994 S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we read the combined opinions of Judges Hervey and Cochran in *Brooks* as abandoning factual sufficiency as an evidentiary sufficiency standard of review distinct from legal sufficiency.

**Unauthorized Use of a Motor Vehicle**

A person commits the offense of unauthorized use of a motor vehicle when "he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." Tex. Penal Code Ann. § 31.07(a) (West 2003). At trial, the State was required to prove, beyond a reasonable doubt, every element of the crime with which Appellant was charged; *Winn v. State,* 828 S.W.2d 284, 285 (Tex.App.--Houston [14th Dist.] 1992, no pet.) (citing *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App. 1989)), and an essential element of the offense of unauthorized use of a motor vehicle is that Appellant operated a car owned by Cole. *Id.* (citing *Abran v. State*, 788 S.W.2d 375, 376 (Tex.App.--Houston [1st Dist.] 1988, no pet.)).

Viewing the evidence in a light most favorable to the verdict, Officer Cory Jones's testimony established that he took Cole's complaint and entered information describing her car, a silver 2001 Toyota RAV4 with Texas license plate number 710 DLN, as stolen in a national database that could be referenced by any officer in the nation if the car was spotted. Appellant was also entered as a suspect in the database.

Appellant testified that, after a confrontation between himself and Cole, he left Amarillo, Texas, in Cole's car and drove to Circleville, Ohio, to purchase drugs. Officer Roar testified that she spotted Appellant in the company of narcotics abusers in front of a known drug house in a silver Toyota RAV4 with Texas license plates. Officer Roar followed the car and observed the driver, Appellant's passenger at the time of his confrontation with Cole in Amarillo--Castillo, driving erratically. When Officer Roar ran

the license plate number through the law enforcement automated data system and her communications center, she was advised that the car was stolen and Appellant was a suspect in the car's theft. When he was arrested, Appellant testified he told Ohio police that his girlfriend had lent him the car and his plan was "[t]o bring the car and the drugs back" to Texas. Subsequently, Cole was informed by her insurance company that her car had been located in Circleville, Ohio. The car was repaired in Ohio by her insurance company and then shipped to her in Texas.

Thus, unlike *Hooper* where the *only* evidence was that the victim's car was a Buick Regal and the defendant was apprehended in a Buick Regal; 788 S.W.2d 25-26, here, we have evidence that Officer Jones entered the vehicle's color, make, model, and license plate number into a national database used by police officers to identify stolen cars and the car was subsequently identified by that information by Officer Roar at the time of Appellant's arrest in Ohio. In addition, Cole testified that, at the time of her confrontation with Appellant in Amarillo, Appellant was driving her car without her permission. Appellant subsequently testified that, following the confrontation, he and Castillo drove the car to Ohio to purchase drugs because Castillo had connections there. When he was arrested in Ohio, Appellant told police that Cole had lent him the car and his plan was to bring it back to Texas. Lastly, Cole testified that her insurance company informed her that her car was located in Circleville, Ohio. Based upon this evidence, we find that a rational trier of fact could have found sufficient evidence to establish beyond a reasonable doubt that Appellant operated a motor vehicle, owned by Cole, without her effective consent. Accordingly, Appellant's single issue is overruled.

7

**Conclusion**

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.

8