**Opinion issued October 23, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-13-00899-CR**

———————————

**ANTONIO BRAVO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 183rd District Court**
**Harris County, Texas**
**Trial Court Case No. 1375810**

---

**MEMORANDUM OPINION**

Appellant, Antonio Bravo, was charged by indictment with unauthorized use of a vehicle.[1]  Appellant pleaded not guilty.  The jury found him guilty and

---

[1]  *See* TEX. PENAL CODE ANN. § 31.07(a) (Vernon 2011).

assessed punishment at 5 years' confinement. In one issue on appeal, Appellant argues the evidence is insufficient to support his conviction.

We affirm.

## Background

A day or two before January 31, 2013, Laura Merino reported her car was stolen. She identified the vehicle at trial as a Toyota Camry. Late at night on January 31, Officer M. Saldana saw a maroon Toyota with its tail light out. He reported the license plate number to police dispatch. The dispatch notified him that the car had been reported as stolen.

Officer Saldana called for back-up police assistance. When they arrived, Officer Saldana turned on the emergency lights on his car. Appellant, the driver of the car, pulled over and parked in a hotel parking lot. After parking, Appellant got out of the car and began to run. Officer Saldana and other officers pursued Appellant. A short distance later, Appellant submitted to the police.

Officer Saldana testified at trial that he called Merino and that she confirmed she was the owner of the vehicle Appellant had been driving. Merino testified that she could not recover the vehicle at the time the police contacted her and opted to have the car taken to an impound lot. Her parents later recovered the car from an impound lot along with her possessions from inside the car. They subsequently sold the car. Merino never saw the car again after it was stolen.

## Sufficiency of the Evidence

In his sole issue on appeal, Appellant argues the evidence is insufficient to support his conviction.

## A.   Standard of Review

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)).   This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).   *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).   Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).   We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt. *See*

*Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B. Analysis**

A person commits the offence of unauthorized use of a vehicle "if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07(a) (Vernon 2011). Operating a vehicle is only unlawful if the defendant is

4

actually aware that he operates the vehicle without the owner's consent. *Gardner v. State*, 780 S.W.2d 259, 262–63 (Tex. Crim. App. 1989); *Edwards v. State*, 178 S.W.3d 139, 144–45 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Appellant argues that the State failed to establish that he was driving the vehicle without the owner's consent because it failed to establish that he was driving Merino's car. We disagree. At the end of the State's examination of Officer Saldana, the following exchange occurred:

> Q.   Now, did you also contact the complainant in this case regarding the car?
>
> A.   I did.
>
> . . . .
>
> Q.   All right. And did you confirm she was the owner of the vehicle?
>
> A.   Yes.

Officer Saldana only testified about one vehicle. At the start of trial, the State arraigned the defendant in front of the jury. In that process, Merino was identified as the complainant. Likewise, the jury charge identified Merino as the complainant. Merino testified that she had not authorized anyone to use her car.

Appellant identifies two cases in which courts have found a gap in the evidence failing to connect the car the defendant was driving to the car that was reported stolen. *See Winn v. State*, 828 S.W.2d 284, 285–86 (Tex. App.—Houston

[14th Dist.] 1992, no pet.) (police described car defendant was pulled over in as blue and brown Chevy Astro van; owner testified her Chevy Astro van was blue and grayish); *Hooper v. State*, 788 S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (license plate of owner's car was different from license plate of car defendant found in; owner's car returned before defendant's arrest). These cases are distinguishable by the simple fact that, in this case, there is evidence establishing that Appellant was driving Merino's car.

We hold the evidence is sufficient to support the judgment of conviction. We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).