PD-1594-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/1/2015 8:42:31 PM
Accepted 2/5/2015 8:33:51 AM
ABEL ACOSTA
CLERK

**No. PD-1594-14**

IN THE

# Court of Criminal Appeals
# At Austin

_____

# ANTONIO BRAVO,
*Appellant*

*v.*

# THE STATE OF TEXAS
*Appellee*

_____

Cause number 1375810
In the 183rd Judicial District Court
Cause number 01-13-00899-CR
In the Court of Appeals for the First Judicial District

_____

# *Appellant's Petition for Discretionary Review*

_____

FILED IN
COURT OF CRIMINAL APPEALS

February 5, 2015

ABEL ACOSTA, CLERK

KELLY ANN SMITH
Texas Bar No. 00797867
Kelly.A.Smith.06@gmail.com
P.O. Box 10751
Houston, TX  77206
281-734-0668

*Counsel for Appellant*

# IDENTITY OF PARTIES AND COUNSEL

The Appellant has provided a complete list of all interested parties' names below, under TEX. R. APP. P. 68.4.

    The appellant or convicted person:

        **Antonio Bravo**   —     Appellant

Counsel for the appellant:

        **Kelly Ann Smith**—      Counsel on appeal
                         PO Box 10751
                         Houston, Texas 77206
                         281-734-0668

        **Ray Castro** —      Counsel at trial
                         12 Greenway Plaza, Suite 1100
                         Houston, Texas 77046
                         Phone: 713.940.0643

Counsel for the State:

        **Devon Anderson** —    District Attorney of Harris County
                         Harris County Criminal Justice Center

        **Goran Krnaich**—     Assistant District Attorney at trial
        **Jamie Felicia**       Harris County Criminal Justice Center
                         1201 Franklin, Suite 600
                         Houston, Texas 77002
                         Telephone:  713•755•5800

Trial Judge:

        **Hon. Leslie Yates**— Presiding Judge of the 183rd District Court

# <u>Ground For Review</u>

**The court of appeals ignored its own precedent and relied upon the indictment and the jury charge as evidence of the complainant's identity by holding the evidence was legally insufficient to support the appellant's unauthorized-use-of-a-vehicle conviction when no evidence established the vehicle operated by the appellant was the same vehicle reported stolen by the complainant**

# <u>Statement Regarding Oral Argument</u>

Because this case involves important issues regarding due process the appellant submits that oral argument would benefit this Court and pursuant to TEX. R. APP. P. 68.4 (c), requests the opportunity to present oral argument.

IN THE

## Court of Criminal Appeals
## At Austin

_____

# ANTONIO BRAVO,

*Appellant*

*v.*

# THE STATE OF TEXAS

*Appellee*

_____

Cause number 1375810
In the 183rd Judicial District Court
Cause number 01-13-00899-CR
In the Court of Appeals for the First Judicial District

_____

# *Appellant's Petition for Discretionary Review*

**TO THE COURT OF CRIMINAL APPEALS OF TEXAS:**

The appellant, by and through undersigned counsel, files this Petition for Discretionary Review and urges this Court to grant discretionary review in this case and in support demonstrates the following.

# Table of Contents

Page

IDENTITY OF PARTIES AND COUNSEL ........................................................... I

GROUND FOR REVIEW......................................................................... II

STATEMENT REGARDING ORAL ARGUMENT ............................................... II

INDEX OF AUTHORITIES......................................................................... V

STATEMENT OF THE CASE ..................................................................... 2

STATEMENT OF THE PROCEDURAL HISTORY ............................................... 2

GROUND FOR REVIEW ......................................................................... 3

REASONS FOR REVIEW ......................................................................... 3

    I.     Summary of the argument ......................................................... 3

    II.    Facts surrounding the offense....................................................... 4

    III.   The court of appeals erred by ignoring its own precedent and holding the evidence was sufficient and citing to the jury charge and the indictment as evidence of the complainant's identity. ....................................................... 5

PRAYER....................................................................................... 8

CERTIFICATE OF COMPLIANCE & SERVICE ............................................... 8

# INDEX OF AUTHORITIES

**Cases**

*Hooper v. State,*
    788 S.W.2d 24 (Tex. App.--Houston [1st Dist.] 1987, no pet.) ...................................... 4

**Rules**

TEX. R. APP. P. 68.4 .................................................................................................................. i

**TO THE HONORABLE COURT OF CRIMINAL APPEALS:**

## STATEMENT OF THE CASE

The State accused the appellant of unauthorized use of a vehicle (CR 9). The indictment alleged that the appellant knowingly and intentionally operated an automobile owned by Laura Merino without her consent (CR 9). The appellant pled not guilty to the indictment's allegations, and the case was tried before a jury and the Honorable Leslie Yates, presiding judge of the 183rd District Court in Harris County Texas. The jury found the appellant guilty of unauthorized use of a vehicle and then assessed his punishment at confinement for five years in prison (CR 75, 84; 89-90).

## STATEMENT OF THE PROCEDURAL HISTORY

The First Court of Appeals affirmed the appellant's conviction in *Antonio Bravo v. The State of Texas,* No. 01-13-00899-CR, (Tex. App.—Houston [1st Dist.] October 23, 2014). Neither party filed a motion for rehearing.

## GROUND FOR REVIEW

**The court of appeals ignored its own precedent and relied upon the indictment and the jury charge as evidence of the complainant's identity by holding the evidence was legally insufficient to support the appellant's unauthorized-use-of-a-vehicle conviction when no evidence established the vehicle operated by the appellant was the same vehicle reported stolen by the complainant**

## REASONS FOR REVIEW

## I.      Summary of the argument

The court of appeals erred by holding the evidence was legally insufficient to support the appellant's unauthorized-use-of-a-vehicle conviction when no evidence established the vehicle operated by the appellant was the same vehicle reported stolen by the complainant. The court of appeals misrepresented the record. In its opinion, the court stated that the arresting officer "testified at trial that he called Merino [the complainant] and that she confirmed she was the owner of the vehicle" Slip op. at 2. But the arresting officer actually testified that he communicated with the maroon Toyota's owner and confirmed she was the maroon Toyota's owner. But the officer did not provide the jury with the owner's name (RR Vol. IV at 21-2). Nor did he testify that the appellant did not have the owner's consent to operate the maroon Toyota. The State failed to prove that the vehicle operated by the appellant was the same vehicle reported stolen by the complainant, Laura Merino. The court of appeals

3

ignored this evidence and ignored its own precedent in holding the evidence was sufficient. *See Hooper v. State,* 788 S.W.2d 24, 26 (Tex. App.--Houston [1ˢᵗ Dist.] 1987, no pet.).

## II.    Facts surrounding the offense

On January 31, 2013, Houston police officer Moises Saldana noticed a vehicle with a malfunctioning taillight (RR Vol. IV at 9-10).  Officer Saldana ran the vehicle's license plate through the computer and learned that someone had reported the vehicle as stolen  (RR Vol. IV at 11, 25-6).  Although Officer Saldana told the jury he input the vehicle's license plate number into the computer, he never indicated what that number was.   Further, Officer Saldana did not indicate any other identifying information for the vehicle other than noting it was a maroon Toyota  (RR Vol. IV at 13-4).

Eventually, Officer Saldana activated his lights, the maroon Toyota stopped, and the appellant got out  (RR Vol. IV at 17-9).  After a foot chase, Officer Saldana arrested the appellant (RR Vol. IV at 20-1).  Officer Saldana told the jury that he communicated with the maroon Toyota's owner and confirmed she was the maroon Toyota's owner.  But Officer Saldana did not provide the jury with the owner's name (RR Vol. IV at 21-2).  Nor did he testify that the appellant did not have the owner's consent to operate the maroon Toyota.

4

Laura Merino's Toyota Camry disappeared from her apartment sometime at night towards the end of January; but she wasn't really sure when other than it was a Monday (RR Vol. IV at 34, 43). Merino did not give anyone permission to drive her car and telephoned the police to report it missing (RR Vol. IV at 35-6). Merino didn't know the appellant and had never seen him before (RR Vol. IV at 36, 39, 43). Merino lost the key to her Toyota Camry a couple of days before it disappeared (RR Vol. IV at 36-7).

A few days after her Toyota Camry disappeared, police telephoned Merino and told her they had recovered her vehicle (RR Vol. IV at 44-45). Merino declined to retrieve her vehicle and instructed the police to tow the Toyota Camry to an impound lot (RR Vol. IV at 46-7). Merino's parents retrieved her Toyota Camry from the impound lot then sold the vehicle shortly thereafter. Merino never had anything to do with the Toyota Camry again (RR Vol. IV at 53).

III. The court of appeals erred by ignoring its own precedent and holding the evidence was sufficient and citing to the jury charge and the indictment as evidence of the complainant's identity.

The court of appeals erred by holding the evidence is legally sufficient because there was no evidence to link the vehicle reported stolen by the complainant, Laura Merino, with the vehicle Officer Saldana observed the Appellant operate.

Other than car owner's, Laura Merino's general description of a Toyota Camry stolen sometime in late January there are no other identifiers provided by the car owner to link her vehicle with the maroon Toyota observed by the officer. The officer failed to testify that the license plate he checked belonged to the car owner's vehicle and that both the license plate and vehicle belonged to Laura Merino. Further, Laura Merino failed to particularly describe her vehicle. She merely said it was an old Toyota Camry. This evidence was legally insufficient to link the vehicle described by Laura Merino to the maroon Toyota Officer Saldana observed the appellant operate.

In *Hooper v. State*, 788 S.W.2d 24, 26 (Tex. App.--Houston [1st Dist.] 1987, no pet.), the State's evidence established only that the victim's car was a Buick Regal and that the vehicle driven by the defendant when he was arrested was a Buick Regal. *See* 788 S.W.2d at 25-26. There was no evidence of either Buick Regal's identification number. Further, the owner testified that his car was returned to him by police prior to the date the defendant was arrested. For these reasons, the court of appeals reversed for insufficient evidence. *See id.* Like *Hooper,* in this case, the State's evidence established that Laura Merino's car was a Toyota and the appellant was driving a Toyota when he was arrested. But in this case, the model of the Toyota that the appellant was driving was unknown. The state's evidence established only that the Toyota was maroon.

This case was similar to *Hooper,* which was ignored by the court of appeals. Here, Laura Merino identified her car by make and model: a Toyota Camry. She testified that her car disappeared sometime in late January from outside her apartment. She did not identity her car by license plate number, vehicle identification number, year, color or in any other manner. Further, she did not retrieve the car when police informed her they had recovered her car. In fact, she never saw the car again.

Officer Saldana identified the car he observed the appellant operating as a maroon Toyota. He further testified that he had verified through police dispatch that the car's owner had reported the car stolen, and he contacted the car's owner. But Officer Saldana did not identify the car's owner or further identify the car. Nothing in the record establishes the maroon Toyota driven by the appellant—even if he did not have the owner's consent—was the same Toyota Camry reported stolen by Laura Merino. Thus, the State did not prove the facts alleged in the indictment.

The court of appeals erred by holding the evidence was sufficient merely because Officer Saldana testified that he contact " the complainant" and the indictment and jury charge—which are not evidence and which were not read in Officer Saldana's presence—identified the complainant as Laura Merino.

# PRAYER

The appellant respectfully urges this Honorable Court to grant the Appellant's Petition for Discretionary Review.

_____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867

# CERTIFICATE OF COMPLIANCE & SERVICE

Under TEX. R. APP. P. 9.4, 9.5 & 68.11, this certifies that this document contains 2962 words and the undersigned served a copy of this petition on the State of Texas and the State Prosecuting Attorney at the following addresses:

Devon Anderson
Harris County District Attorney
1201 Franklin, Suite 600
Houston, Texas 77002

Lisa C. McMinn
P.O. Box 13046
Capitol Station
Austin, Texas 78711
(512) 463-1660

_____ /s /_____
KELLY ANN SMITH
Texas Bar No. 00797867
P.O. Box 10752
Houston, TX 77206
281-734-0668



**In The**

## Court of Appeals

**For The**

## First District of Texas

———————————

### NO. 01-13-00899-CR

———————————

**ANTONIO BRAVO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Case No. 1375810

**MEMORANDUM OPINION**

Appellant, Antonio Bravo, was charged by indictment with unauthorized use of a vehicle.[1] Appellant pleaded not guilty. The jury found him guilty and

———————————

[1] *See* TEX. PENAL CODE ANN. § 31.07(a) (Vernon 2011).

2

assessed punishment at 5 years' confinement. In one issue on appeal, Appellant argues the evidence is insufficient to support his conviction.

We affirm.

## Background

A day or two before January 31, 2013, Laura Merino reported her car was stolen. She identified the vehicle at trial as a Toyota Camry. Late at night on January 31, Officer M. Saldana saw a maroon Toyota with its tail light out. He reported the license plate number to police dispatch. The dispatch notified him that the car had been reported as stolen.

Officer Saldana called for back-up police assistance. When they arrived, Officer Saldana turned on the emergency lights on his car. Appellant, the driver of the car, pulled over and parked in a hotel parking lot. After parking, Appellant got out of the car and began to run. Officer Saldana and other officers pursued Appellant. A short distance later, Appellant submitted to the police.

Officer Saldana testified at trial that he called Merino and that she confirmed she was the owner of the vehicle Appellant had been driving. Merino testified that she could not recover the vehicle at the time the police contacted her and opted to have the car taken to an impound lot. Her parents later recovered the car from an impound lot along with her possessions from inside the car. They subsequently sold the car. Merino never saw the car again after it was stolen.

2

**Sufficiency of the Evidence**

In his sole issue on appeal, Appellant argues the evidence is insufficient to support his conviction.

**A.    Standard of Review**

We review the sufficiency of the evidence establishing the elements of a criminal offense for which the State has the burden of proof under a single standard of review. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010)).    This standard of review is the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).    *Winfrey v. State*, 393 S.W.3d 763, 768 (Tex. Crim. App. 2013).    Pursuant to this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational fact finder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.    *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).    We can hold evidence to be insufficient under the *Jackson* standard in two circumstances: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense, or (2) the evidence conclusively establishes a reasonable doubt.    *See*

*Jackson*, 443 U.S. at 314, 318 & n.11, 320, 99 S. Ct. at 2786, 2789 & n.11; *see also Laster*, 275 S.W.3d at 518; *Williams*, 235 S.W.3d at 750.

The sufficiency-of-the-evidence standard gives full play to the responsibility of the fact finder to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). An appellate court presumes that the fact finder resolved any conflicts in the evidence in favor of the verdict and defers to that resolution, provided that the resolution is rational. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793. In viewing the record, direct and circumstantial evidence are treated equally; circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. *Clayton*, 235 S.W.3d at 778. Finally, the "cumulative force" of all the circumstantial evidence can be sufficient for a jury to find the accused guilty beyond a reasonable doubt. *See Powell v. State*, 194 S.W.3d 503, 507 (Tex. Crim. App. 2006).

**B.    Analysis**

A person commits the offence of unauthorized use of a vehicle "if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner." TEX. PENAL CODE ANN. § 31.07(a) (Vernon 2011). Operating a vehicle is only unlawful if the defendant is

4

actually aware that he operates the vehicle without the owner's consent. *Gardner v. State*, 780 S.W.2d 259, 262–63 (Tex. Crim. App. 1989); *Edwards v. State*, 178 S.W.3d 139, 144–45 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

Appellant argues that the State failed to establish that he was driving the vehicle without the owner's consent because it failed to establish that he was driving Merino's car. We disagree. At the end of the State's examination of Officer Saldana, the following exchange occurred:

> Q.     Now, did you also contact the complainant in this case regarding the car?
>
> A.     I did.
>
> . . . .
>
> Q.     All right. And did you confirm she was the owner of the vehicle?
>
> A.     Yes.

Officer Saldana only testified about one vehicle. At the start of trial, the State arraigned the defendant in front of the jury. In that process, Merino was identified as the complainant. Likewise, the jury charge identified Merino as the complainant. Merino testified that she had not authorized anyone to use her car.

Appellant identifies two cases in which courts have found a gap in the evidence failing to connect the car the defendant was driving to the car that was reported stolen. *See Winn v. State*, 828 S.W.2d 284, 285–86 (Tex. App.—Houston

[14th Dist.] 1992, no pet.) (police described car defendant was pulled over in as blue and brown Chevy Astro van; owner testified her Chevy Astro van was blue and grayish); *Hooper v. State*, 788 S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.] 1987, no pet.) (license plate of owner's car was different from license plate of car defendant found in; owner's car returned before defendant's arrest). These cases are distinguishable by the simple fact that, in this case, there is evidence establishing that Appellant was driving Merino's car.

We hold the evidence is sufficient to support the judgment of conviction. We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

6